Bronson, J.
That is not necessary on a motion. We receive proof of deeds, judgments and other records in the same way, though on trials at the common law such evidence would not be admissible.
Wells then read affidavits showing that the cognovit was given and received as a compromise, for a less sum than was claimed to be due, and upon the express understanding that any discharge in bankruptcy which the defendant might obtain should not affect the judgment.
By the Court, Bronson J.
Under most of our insolvent laws the debtor is discharged from all debts which he owed at the time of making the assignment of his estate, and the discharge has usually followed very closely upon the assignment. But the defendant has been discharged under the bankrupt law from all debts which he owed at the time he presented his petition. Subsequent to that time, the cognovit was given and the judgment recovered. The original debt has been merged in and extinguished by the judgment. The judgment is a new debt, which is not affected by the discharge.(a) Under the insolvent laws, a case rarely happened where a judgment was recovered intermediate the assignment and the discharge. But under the bankrupt law, there may have been many cases where a judgment has been recovered between the presentation of the petition and the granting of the discharge. If the defendant can have any relief in such cases, I am not prepared to say in what form or upon what terms it should be granted. The question need not be decided at this time, for the defendant comes to ask a favor in direct violation of his agreement. If there is any way in which he can set up his discharge as a legal answer to the judgment, he does not want our assistance; and clearly we ought not to aid him in doing a wrong.
Motion denied.

 See Crouch v. Gridley, (ante, p. 256.)